DANIEL E. SALINAS
89125-079
F.M.C. Devens Prison
Post Office Box 879
Ayer, MA 01432-0879

FILED
IN CLERKS OFFICE

2004 JAN 30 P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

<u>Pro Se Plaintiff</u>

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. SALINAS, ) | CIVIL DOCKET |
| ) | |
| Pro Se Plaintiff, ) | 2004-CV-_____ |
| ) | |
| v. ) | **04-40015** |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge _____ |
| on behalf of the ) | |
| FEDERAL MEDICAL CENTER DEVENS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>PRO SE PLAINTIFF ORDER TO SHOW CAUSE</u>

<u>TEMPORARY RESTRAINING ORDER</u>

<u>FOR PRELIMINARY INJUNCTION</u>

<u>AGAINST THE DEFENDANTS</u>

<u>UNDER F.R.Civ.P. 65</u>

CONSOLIDATED DECLARATION AND MEMORANDUM OF LAW

IN THE PRO SE PLAINTIFF's ORDER TO SHOW CAUSE

AND TEMPORARY RESTRAINING ORDER FOR PRELIMINARY INJUNCTION

ORDERING THE DEFENDANT TO PROCEED AND PUT THE PLAINTIFF ON

A KIDNEY DONOR SHARING WAITING LIST

TO PREVENT THE PLAINTIFF's RISK OF DEATH UNDER THE PRISON ORGAN

TRANSPLANT POLICY PURSUANT TO F.R.Civ.P. 65

IMMEDIATE AND IRREPARABLE PLAINTIFFs INJURY

DECLARATION AND AFFIRMATION

Daniel E. Salinas, Pro Se Plaintiff, hereinafter ("Plaintiff") declares and affirms under the penalty of perjury the instant filing is true.

THE PLAINTIFF WILL FACE DEATH WITHOUT THE COURT's ORDER

T.R.O. DIRECTING THE F.M.C. DEVENS PRISON WARDEN

TO PLACE THE PLAINTIFF ON A KIDNEY DONOR SHARING WAITING LIST

1. The Plaintiff is filing two pleadings, the instant order to show cause for a T.R.O. and summons with a forty five page complaint. The Plaintiff incorporates by reference herein the forty five page complaint.

2. The complaint is filed against the United States of America on behalf of the Federal Medical Center Devens Prison. The plaintiff completed the multi-level exhaustion of prison remedies against the F.M.C. Devens Prison misconduct under Booth v. Churner, 149

- 1 -

L.Ed. 2d 958 (2000). The Plaintiff exhausted the mandated three levels of prison remedies by filing his prison claims with the F.M.C. Devens Prison Warden, and thereafter with the Federal Bureau of Prisons, hereinafter ("B.O.P.") Northeast region, and thereafter with the B.O.P. Washington D.C. Main Central Office.

## THE COMPLAINT SHOWS THE F.M.C. DEVENS PRISON MEDICAL DIRECTOR DR. HOWARD AND HER STAFF FAILING TO FOLLOW TWO B.O.P. MEDICAL POLICIES

3.  The complaint in the majority of the factual allegations shows irreparable harm to the Plaintiff by the F.M.C. Devens Medical Director Dr. Howard and her staff failing to follow the B.O.P. published two medical policies. The defendants violated the B.O.P. organ transplantation policy in <u>Exhibit 2</u> attached to the complaint with the B.O.P. medical policy that requires the defendants must provide the Plaintiff with the community standard of medical care. The defendants concede in the Plaintiff's exhaustion of B.O.P. remedies <u>Exhibit 27A</u> attached to the complaint that the injury risk of death to the Plaintiff falls under the above B.O.P. medical policies.

## THE DEFENDANTS CONCEDE IN THEIR B.O.P. WASHINGTON D.C. MAIN OFFICE REMEDY RESPONSE THAT THEY FAILED TO COMPLY WITH THE B.O.P. ORGAN TRANSPLANTATION POLICY CAUSING THE PLAINTIFF TO FACE DEATH WITHOUT THE COURT's T.R.O. THAT SHOULD ISSUE WITHOUT THE PLAINTIFF's POSTING OF SECURITY

4.   The Plaintiff is held in federal detention and is indigent, unable to post security to gain the court's T.R.O.  F.R.Civ.P. 65. The defendants will face no injury by the Court's order T.R.O. to comply with the two B.O.P. medical policies that were violated in failing to place the Plaintiff on a kidney organ donor sharing waiting list.  F.R.Civ.P. 65(c) requires secuirty for the payment of the defendant's costs and damages as may be incurred and suffered if found to have been wrongfully enjoined or restrained.

5.   The defendants concede in <u>Exhibit 27A</u> attached to the complaint in the B.O.P. exhaustion remedy response that they failed to act under the B.O.P. Organ Transplant Policy by signing the required contract to place the Plaintiff on the mandated kidney organ donor sharing waiting list.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The instant T.R.O. application simply requires the defendants to follow the mandated B.O.P. organ transplantation policy in <u>Exhibit 2</u> attached to the complaint.  The defendants will not face special cost or damages by the court acting under public interest in directing the defendants to comply with the B.O.P. organ transplant policy in <u>Exhibit 2</u> attached to the complaint.  The remedy requested in the instant T.R.O. is the defendants simply placing the Plaintiff on the required medically adequate kidney donor sharing waiting list. The court should not require security from the Plaintiff under the remedy by having the defendants follow its own B.O.P. organ transplant policy.

<u>THE DEFENDANTS CONCEDE THEY FAILED TO FOLLOW THE B.O.P. ORGAN</u>
<u>TRANSPLANT POLICY CAUSING IRREPARABLE HARM AND RISK OF DEATH</u>
<u>TO THE PLAINTIFF</u>

6. The complaint Exhibit 27A shows the B.O.P. administrative remedy response number 305798-A-1 dated December 19, 2003, hereinafter the ("Response"). The response was issued by the B.O.P. Washington D.C. Main Office and signed by Harrell Watts, Administrator, National Inmate Appeals. The response contains a second B.O.P. Official signing their name under Harrell Watts'. The Plaintiff claims the second named B.O.P. official was an attorney who drafted the response.

7. The response concedes the defendants F.M.C. Devens prison failed to enter into the medically required adequate kidney organ transplant hospital contract that would place the Plaintiff on the mandated kidney organ donor sharing waiting list. Estelle v. Gamble, 429 U.S. 97 (1976). The defendants concede in the response many individuals with organ failure die while waiting for an organ. However, the defendants were required to act under the B.O.P. organ transplant policy in Exhibit 2 attached to the complaint since February 11, 2000. The defendants concede in the response they did not find the required hospital to place the Plaintiff on the kidney organ donor sharing list. The issue of the defendants finding the required hospital started on February 11, 2000, when the B.O.P. created the organ transplant policy. From February 11, 2000 through 2004, the defendants failed to locate and enter into the required organ transplant hospital contract to place the Plaintiff on the kidney donor organ sharing waiting list.

8. The defendants concede they are to blame in Exhibit 27A B.O.P. response for the Plaintiff facing death. The defendants concede

- 4 -

in Exhibit 8 attached to the complaint that the Plaintiff needed a kidney transplant.

### THE DEFENDANTS CONCEDE THE PLAINTIFF NEEDED A KIDNEY TRANSPLANT

9. In Exhibit 8 attached to the complaint, the defendants, by Dr. Zambetti, their expert kidney doctor, conceded the plaintiff needed a kidney donor organ transplant. The Plaintiff presents prima facie evidence in Exhibit 8 the Dr. Zambetti medical document showing the Plaintiff needed a kidney organ donor transplant. The Plaintiff presents prima facie evidence in Exhibit 27A showing the defendants violated the B.O.P. organ transplant policy by failing to sign the mandated hospital contract. The defendants were mandated to enter into the medically adequate kidney donor organ transplant contract with a hospital. However, from February 11, 2000 through 2004, the defendants failed to enter into the required kidney donor organ transplant hospital contract. The defendants said the Plaintiff will die without access to the kidney donor organ sharing waiting list. Estelle v. Gamble, 429 U.S. 97 (1976).

10. For the benefit of judicial economy, the Plaintiff incorporated the complaint herein showing forty five pages of factual allegations. Each element showing the defendants irreparable harm to the Plaintiff is set forth in the forty five page complaint.

### THE DEFENDANTS SHOULD BE ALLOWED TEN DAYS TO RESPOND TO THE T.R.O.

11. The Plaintiff is facing the risk of death caused by the defendants' failure to follow the B.O.P. organ transplant policy from February 11, 2000 through 2004. The court should order the defendants' response in the instant order to show cause T.R.O. within ten days. Further delay in the action is a cause for far greater pain and suffering in the Plaintiff's risk of death.

## CONCLUSION

Based on the instant forty-five pages complaint that is filed with this order to show cause and T.R.O., the Plaintiff is respectfully requesting the court order the defendants to place the Plaintiff on the required kidney organ donor sharing list. The Court is further respectfully requested to order the defendants' response in the instant T.R.O. within ten days.

Respectfully,

Dated: January 12, 2004          by _____
                                 DANIEL E. SALINAS
                                 Pro Se Plaintiff

- 6 -