```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

DANIEL E. SALINAS,              )
          Plaintiff,            )
                                )
     v.                         )  CIVIL ACTION NO.
                                )   04-40015-RCL
                                )
UNITED STATES OF AMERICA,       )
on behalf of the FEDERAL        )
MEDICAL CENTER DEVENS,          )
          Defendant.            )
```

**MEMORANDUM AND ORDER**

For the reasons stated below, plaintiff's request for a temporary restraining order will be denied, and plaintiff's request for a preliminary injunction will be denied, without prejudice. Plaintiff is also ordered to submit either the $150 filing fee or an application to proceed without prepayment of fees, or this action will be dismissed in 42 days from the date of this Order.

ALLEGED FACTS

On January 30, 2004, plaintiff Daniel E. Salinas, a prisoner at Federal Medical Center Devens, filed a 45-page pro se complaint and a "Pro Se Plaintiff Order To Show Cause Temporary Restraining Order For Preliminary Injunction Against The Defendants Under F.R.Civ.P. 65" (hereinafter, "Request for TRO and/or Preliminary Injunction"). Plaintiff did not pay the $150 filing fee for civil actions, nor did he file an

application to proceed without prepayment of fees.

In his Request for TRO and/or Preliminary Injunction and complaint, plaintiff primarily alleges that F.M.C. Devens has refused to place plaintiff on organ donation waiting list(s) since January 11, 2000, the date on which the Bureau of Prisons ("BOP") allegedly created an organ transplant policy. Plaintiff alleges that he needs a kidney transplant, or he faces a "risk of death". See Request for TRO and Preliminary Injunction ¶ 11. Plaintiff does not state that he has been informed that his death is imminent, only that "many individuals with organ failure die while waiting for an organ." See Request for TRO and Preliminary Injunction ¶ 7. Plaintiff alleges that the prison's failure to put his name on the organ donation waiting list violates the BOP's own policies. Plaintiff seeks an Order from this Court, in the form of a TRO or preliminary injunction, directing defendant to place his name on the organ donation waiting list(s).

## ANALYSIS

I.  Plaintiff's Request for a Temporary Restraining Order Is Denied

Plaintiff's request for an <u>ex parte</u> temporary restraining order pursuant to Rule 65 is denied.[1]  Rule 65(b), which

---

1

governs temporary restraining orders, states that such an order:

> ...may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

Fed. R. Civ. P. 65(b).

In this case, plaintiff has not certified his efforts to give notice to the named defendants in this action. His failure to do so provides sufficient grounds for denial of the motion. See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

In addition, plaintiff has not alleged that "*immediate and irreparable loss, injury or damage, will result before the adverse party or that party's attorney can be heard in opposition.*" See Rule 65(b)(1) (emphasis added). In this case, although plaintiff alleges in several places that his injury would be "irreparable," neither plaintiff's complaint

nor his Request for TRO and/or Preliminary Injunction allege any specific facts tending to show that his alleged injury, such as his death or a substantial increase in his "risk of death" would occur before the defendants can be heard in opposition to this motion.  See Fed. R. Civ. P. 65(b)(1). That plaintiff is not subject to any immediate risk of loss seems particularly true in light of the fact that plaintiff complains of actions by defendants dating back to February, 2000.  Accordingly, plaintiff has not made the requisite showing for the issuance of a temporary restraining order under Rule 65(b), and his request will be denied.

II.  Plaintiff's Request for a Preliminary Injunction Is Denied

To the extent that plaintiff is also requesting that this court grant a preliminary injunction at this juncture pursuant to Rule 65(a), his request will be denied because "no preliminary injunction shall be issued without notice to the adverse party."  Fed. R .Civ. P. 65(a)(1).  The court will not entertain plaintiff's request for a preliminary injunction at this time because neither the instant motion nor the complaint has been served on defendants.

III.    Plaintiff Has Filed Neither The Requisite Filing Fee Nor An Application To Proceed Without Prepayment of Fees

A litigant filing a civil action in this court must

either (1) pay the $150 filing fee, or (2) file an application to proceed without prepayment of the filing fee.  See  28 U.S.C. § 1914(a) ($150 filing fee); 28 U.S.C. § 1915(a) (in forma pauperis actions).  In this case, plaintiff has neither paid the filing fee, nor submitted a completed application to proceed without prepayment of the fee.  Accordingly, I grant plaintiff 42 (forty-two) days from the date of this Order to do one of the following:  (1) submit the $150.00 filing fee; or (2) file an application to proceed without prepayment of the fees.  Failure to do so within the allotted time will result in dismissal of this action without prejudice.

Plaintiff is also advised that because he is a prisoner, he is subject to the additional restrictions of 28 U.S.C. § 1915.  Along with an application to proceed without prepayment of fees, a prisoner litigant must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).[2]  Moreover, as a prisoner litigant, plaintiff is hereby put on notice that even if he files an application to proceed without prepayment of fees, he will nevertheless have

---

[2] This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

to pay the full amount of the filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding <u>in</u> <u>forma</u> <u>pauperis</u>).  Based on the information contained in plaintiff's application and the accompanying prison account statement, the Court will issue an order directing the appropriate prison official to withdraw an initial partial payment from plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(1)-(2).

IV. <u>Plaintiff's Complaint Will Be Subject To Preliminary Screening and Dismissal Pursuant To 28 U.S.C. § 1915</u>

Finally, plaintiff is further advised that if he elects to pay the filing fee or submit an application to proceed without prepayment of fees, his complaint will be subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed <u>in</u> <u>forma</u> <u>pauperis</u>) and/or 28 U.S.C. § 1915A(a)-(b) (screening of prisoner complaints seeking redress from a governmental entity, officer or employee).

Under both Section 1915(e)(2) and Section 1915(A), plaintiff's complaint will be subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). See also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (dismissal of in forma pauperis complaint is appropriate if the action lacks an arguable basis either in law or in fact).

## CONCLUSION

ACCORDINGLY, it is hereby ORDERED that plaintiff's request for a temporary restraining order is denied; it is

FURTHER ORDERED that plaintiff's request for a preliminary injunction is denied, without prejudice; and it is

FURTHER ORDERED that plaintiff is directed to either pay the $150 filing fee or file an application to proceed without prepayment of fees, within 42 (forty-two) days of the date of this Order, or this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 13th day of February, 2004

                                          s/ Reginald C. Lindsay
                                          UNITED STATES DISTRICT JUDGE