UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. SALINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 04-40015-RCL |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, on behalf ) | |
| of the Federal Medical Center Devens, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Although Plaintiff Daniel Salinas has filed a 45 page complaint ("Complaint") purportedly raising two causes of action, the only one which can be discerned originates under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1]. In this regard, he claims that the Defendant violated the Federal Bureau of Prisons (BOP) organ transplantation policy by failing to assign him to a kidney transplant list, thus, causing him irreparable harm. For the reasons set forth herein, the Complaint should be dismissed.

---

[1] In the Complaint, Plaintiff consistently asserts that FMC Devens was negligent in its care for Plaintiff, depriving him of the community standard of care in the treatment for his medical condition. See Complaint, ¶¶ 1-3, 5, 7, 12, 17, 26, 28, 30, 34, 38, 42, 61-63, 68. However, Plaintiff specifically asserts that he is not filing a Federal Tort Claims Act (FTCA) claim in this action. Id. at ¶107. Moreover, to the extent he was actually filing an FTCA claim, Plaintiff has not exhausted his administrative remedies under that federal statute.

## II. **FACTS**

The Plaintiff, Reg. No. 89125-079, is a federal inmate who is currently incarcerated at the Federal Medical Center (FMC) Devens, Massachusetts. On May 18, 2000, he was sentenced in the United States District Court for the Southern District of Texas to an eighty-four (84) month term of imprisonment with a seven (7) year term of supervised release to follow for the offense of Possession with Intent to Distribute 3 Kilograms of Cocaine, a violation of 21 U.S.C. § 841 (A)(1) & (B); and Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(G)(1) & 924 (A)(2). Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), his projected release date is December 2, 2005. See Affidavit of Ann H. Zgrodnik, Exhibit A, Document 1a, Public Information Data.

While serving his sentence, Plaintiff is being treated at FMC Devens for kidney disease, along with other medical issues. Plaintiff has named the United States of America, on behalf of the FMC Devens, as the sole Defendant. He alleges that Defendant has violated the BOP's medical policy on organ transplantation; that is, he claims that the Clinical Director at FMC Devens, Dr. Sandra Howard, was deliberately indifferent to his medical needs. However, the Plaintiff concedes that he "did not name Dr. Howard as a defendant in the action at the filing of the lawsuit." See Complaint, p.5, ¶ 8. Rather, he files this alleged Bivens action solely against the United States. As relief, Plaintiff seeks compensatory and punitive damages. Id., p. 44., ¶¶ 1-3.

### III.  ARGUMENT

**The United States of America Is Protected By Sovereign Immunity And Should Be Dismissed As Defendant.**

The United States of America, on behalf of the FMC Devens, should be dismissed from this civil action because public entities are not subject to personal liability lawsuits under <u>Bivens</u>. Indeed, "<u>Bivens</u> actions, [] may only be maintained against federal officers; sovereign immunity bars such actions against the United states or agencies thereof." <u>Johnstone v. United States</u>, 980 F. Supp. 148, 151 (E.D.Pa. 1977).   Stated differently, it is well settled that the United States and its agencies are entitled to sovereign immunity from suit, and an action for damages may not be brought against the United States unless it waives sovereign immunity.  <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486 (1994) (<u>Bivens</u> does not extend to federal agencies); <u>Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000);  <u>Pereira v. United States Postal Service</u>, 964 F.2d 873, 875 (9th Cir. 1992); <u>Platsky v. C.I.A.</u>, 953 F.2d 26, 28 (2d Cir. 1991);  <u>McCollum v. Bolger</u>, 794 F.2d 602, 608 (11th Cir. 1986).  Here, it is abundantly clear as a matter of law that the United States has not waived sovereign immunity in the context of constitutional claims raised against it or its agencies.

Therefore, because the United States and its agencies are immune from liability in <u>Bivens</u> actions, the Complaint should be dismissed for its failure to state a claim.

### IV.  CONCLUSION

For the reasons set forth herein, this Court should dismiss the Complaint since Plaintiff has no viable <u>Bivens</u> claim against the United States.

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/ Michael P. Sady
       Michael Sady
       Assistant U.S. Attorney
       John J. Moakley Federal Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3100

Dated: August 9, 2004

## CERTIFICATION UNDER L.R. 7.1

Pursuant to Local Rule 7.1(a)(2), since plaintiff is pro se and is currently a prisoner incarcerated in a correctional facility, the parties have not conferred with regard to this motion and memorandum.

                    /s/ Michael P. Sady
                    Michael Sady
                    Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that on, August 9, 2004, I caused a copy of the foregoing motion and memorandum to be served on August  2004 by first class mail, postage pre-paid to Plaintiff, Daniel Salinas, pro se, Reg.# 889125-079, FMC Devens, Ayer, MA.  01432-0879.

                    /s/ Michael P. Sady
                    Michael Sady
                    Assistant U.S. Attorney